UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF INDIANA
INDIANAPOLIS, INDIANA

**FILED**

**03/23/2021**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

JAMES MARTIN,  )
PLAINTIFF,  )
  )   Cause No.  1:21-cv-718-RLY-MJD
Caesars Entertainment  )
Operating Company, Inc  )
DEFENDANT  )

## CIVIL ACTION
## INJUNCTION RELIEF

Plaintiff on behalf of itself as Pro-se files its Complaint against the Defendant, and in support of the claims made below, alleges as follows:

To-Wit:

a. On March 16th, 2020 the State of Indiana Health Department and Governor's Office issued Orders that the casino's are to implement protocols for "social distancing".

b. Indiana Grand Casino, Shelbyville, Indiana complied in part with the social distancing protocols by removing a number of slot machines giving that 6-ft distancing.

c. Indiana Grand Casino permits patrons (customers) to have at two to three players at one machine playing together, and having the same amount of chairs at those machines while playing.

d. Removing a chair from one machine to place at another machine to have two people playing one machine causes a crowded space within the casino and thus an obstacle for handicap customers to get to a machine, especially those as myself with the use of a mobility scooter.

e. The casino permits, allows and authorizes customers to have two to three people playing one machine at a time with chairs being relocated and left, causing those barriers for handicap customers.

f. The casino has taken no steps to enforce the social distancing laws, or to allow its handicap customers to flow through its casino without limitations or barriers.

## PARTIES

1. The defendant operates an Indiana Gaming Casino located in Shelbyville, Indiana that the plaintiff attends every weekend for his entertainment. The plaintiff is a residence of Shelbyville, Indiana and has resided in this State and County for more than 6-months.

2. **CAESARS ENTERTAINMENT OPERATING COMPANY, INC. One Caesars Palace Drive Las Vegas, Nevada 89109.** The Company is a public accommodation because it is a private entity that owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. §§ 12181(6), (7); 28 C.F.R. § 36.104. Accordingly, the Company is subject to the requirements of title III of the ADA, and its implementing regulations, which are found at 28 C.F.R. part 36

## JURISDCITION

1. This Court has jurisdiction over this action under 42 U.S.C. § 12117(a), 42 U.S.C. §§ 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345.

2. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. §§ 12117.

3. Venue is proper in this district under 28 U.S.C. § 1391.

**FIRST CAUSE OF ACTION VIOLATIONS OF THE ADA, 42 U.S.C. § 12181
et seq.**

4.  Plaintiff, alleges every allegation of the preceding paragraphs as if fully set forth
    herein. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:
    No individual shall be discriminated against on the basis of disability in the full and
    equal enjoyment of the goods, services, facilities, privileges, advantages, or
    accommodations of any place of public accommodation by any person who owns,
    leases (or leases to), or operates a place of public accommodation 42 U.S.C. §
    12182(a).

5.  Defendant's physical location is a public accommodation within the definition of
    Title III of the ADA, 42 U.S.C. § 12181(7). The Website is a service that is offered to
    the general public, and as such, must be equally accessible to all potential consumers.

6.  Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny
    individuals with disabilities the opportunity to participate in or benefit from the
    products, services, facilities, privileges, advantages, or accommodations of an entity.
    42 U.S.C. § 12182(b)(1)(A)(i).

7.  Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny
    individuals with disabilities an opportunity to participate in or benefit from the
    products, services, facilities, privileges, advantages, or accommodation, which is
    equal to the opportunities afforded to other individuals. 42 U.S.C. §
    12182(b)(1)(A)(ii).

8.  Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also
    includes, among other things: [A] failure to make reasonable modifications in
    policies, practices, or procedures, when such modifications are necessary to afford
    such goods, services, facilities, privileges, advantages, or accommodations to
    individuals with disabilities, unless the entity can demonstrate that making such
    modifications would fundamentally alter the nature of such goods, services, facilities,
    privileges, advantages or accommodations; and a failure to take such steps as may be
    necessary to ensure that no individual with a disability is excluded, denied services,
    segregated or otherwise treated differently than other individuals because of the
    absence of auxiliary aids and services, unless the entity can demonstrate that taking

such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

9. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. § 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has not been provided any reasonable accommodation to those services. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

10. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## CAUSE OF ACTION

11. I am a customer of CAESARS ENTERTAINMENT OPERATING COMPANY, INC.(Indiana Grand Casino, Indiana) Players Card No. 12501441532.

12. In 2014 I was diagnosed with Myeloma Cancer, a type of bone cancer that has spread throughout my body organs including having a drastic effect on my ability to walk long distance without the assistance of my mobility scooter.

13. The maze of chairs and infrastructure of the casino's floor plans, slot machine locations and permitting multiple chairs at one machine caused me to hit a chair and knock out the battery level of my mobility scooter.

14. I have sufficiently alleged both an injury in fact and a sufficient likelihood that I will continue to be affected by the inaccessibility of the casino with the current barriers. In addition, there is a causal connection between the injury and the alleged

inaccessibility of the casino , and it is likely that the injury will be redressed by a favorable decision. Therefore, I have a legal standing to bring this claim. Title III of the ADA prohibits the owner of a place of public accommodation from discriminating "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). There is no dispute that I am handicap impaired Thus, the Court would determine whether, as a result of the fact that I am handicap, I was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

15. Title III requires a public accommodation to ensure that, to the maximum extent feasible, the altered portions of a facility are readily accessible to and usable by individuals with disabilities to provide them with an equal opportunity to participate in, or benefit from, its goods and services. 42 U.S.C. § 12182(a); 28 C.F.R. §§ 36.201(a); 36.402(a). Title III also requires a public accommodation to make reasonable modifications to its policies, practices, and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302. A public accommodation must also remove architectural barriers in existing facilities where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304. Moreover, a public accommodation must maintain in operable working condition those features of its facilities that are required to be accessible. 28 C.F.R. § 36.211(a)

16. The ADA defines a public accommodation as a private entity whose operations affect commerce, and which falls within one of twelve enumerated categories. 42 U.S.C. § 12181(7).

17. Courts are split on whether the ADA limits places of public accommodation to physical spaces. Those circuits that have concluded that places of public accommodation must be physical spaces have held that the goods and services provided by a public accommodation must have a sufficient nexus to a physical place in order to be covered by the ADA. See, e.g., Earll v. Ebay, Inc., 599 Fed. App'x. 695, 696 (9th Cir. 2015) (the term "place of public accommodation" requires some connection between the good or service alleged to be discriminatory and a physical place); see also Rendon v. Valleycrest Prods., Inc., 294 F.3d 1279, 1284 n.8 (11th Cir. 2002) (noting that some courts require a nexus between the challenged service and the premises of the public accommodation). The Eleventh Circuit has addressed casino s are public accommodations for purposes of the ADA. However, in Rendon v. Valleycrest Prods., Inc., the Eleventh Circuit noted that the plain language of Title III of the ADA covers both tangible, physical barriers that prevent a disabled person from accessing a public accommodation, as well as "intangible barriers, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges . . . ." 249 F.3d at 1283.

18. Where a casino is heavily integrated with physical casino locations and operates as a gateway to the physical casino locations, courts have found that the casino is a service of a public accommodation and is covered by the ADA. Nat'l Fed'n of the Blind v. Target Corp., 452 F.Supp.2d 946, 953-55 (N.D. Cal. 2006); see also Gomez v. J. Lindeberg, Inc., No. 16-22966, ECF No. 23, at *3 (S.D. Fla. Oct. 17, 2016) (Williams, J.) (finding that a plaintiff stated a claim that the defendant's casino violated the ADA because the plaintiff alleged that the casino was inaccessible to handicap individuals and allowed customers to purchase the defendant's clothing online and search for casino locations).

19. The Court would not need decide whether CAESARS ENTERTAINMENT OPERATING COMPANY, INC. casino is a public accommodation in and of itself, because the factual findings demonstrate that the casino is heavily integrated with CAESARS ENTERTAINMENT OPERATING COMPANY, INC. physical casino locations and operates as a gateway to the physical casino locations. Although

CAESARS ENTERTAINMENT OPERATING COMPANY, INC. may argue that I have not been denied access to CAESARS ENTERTAINMENT OPERATING COMPANY, INC. physical casino  locations as a result of the inaccessibility of the casino , the ADA does not merely require physical access to a place of public accommodation. Rather, the ADA requires that disabled individuals be provided "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a).

20. The factual findings above demonstrate that CAESARS ENTERTAINMENT OPERATING COMPANY, INC. casino is inaccessible to handicap individuals who must use mobility scooters, walkers or canes, at the casino's permit these barriers by allowing a crowded casino area with chairs being re-located. Therefore, CAESARS ENTERTAINMENT OPERATING COMPANY, INC. has violated the ADA because the inaccessibility of its casino has denied me the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations that CAESARS ENTERTAINMENT OPERATING COMPANY, INC. offers to its non-handicap customers. A jury trial and Court would find in favor of me on Count One of the Complaint.

21. Remedy Under the ADA,  Injunctive relief is available under the ADA if the discrimination includes "a failure to remove architectural barriers, and communication barriers that Case 1:16-cv-23020-RNS Document 63 Entered on FLSD Dock are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. §§ 12188(a)(2), 12182(b)(2)(A)(iv). In addition, the ADA: [R]equires without exception that any policies, practices, or procedures of a public accommodation be reasonably modified for disabled individuals as necessary to afford access unless doing so would fundamentally alter what is offered. To comply with this command, an individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration. PGA Tour, Inc. v. Martin, 532 U.S. 661, 688 (2001) (internal quotations and citations omitted); see also Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp., 158 F.Supp.2d 1353, 1362

(S.D. Fla. 2001) (Highsmith, J.) (citations omitted) (the determination of whether a particular modification is reasonable involves a fact specific inquiry that considers, among other things, the effectiveness of the modification and the cost of implementation).

## INJUNCTION REQUEST

In order to obtain injunctive relief, a party must also show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future. Wooden v. Bd. of Regents of Univ. System of Georgia, 247 F.3d 1262, 1283 (11th Cir. 2001).A plaintiff's allegation that he intends on visiting the subject premises in the near future is sufficient to establish standing to seek injunctive relief under the ADA. See Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that allegation that the plaintiff would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA).

In my suit the Court must address whether I have a standing to bring his claim. A plaintiff has standing to bring a claim if the following three elements are met:

●the plaintiff has suffered an injury in fact;

●there is a causal connection between the injury and the conduct complained of; and

●It is likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).

### Prayer for Relief:

1. Jury Trial
2. Injunction Request Granted and the defendant's Ordered to enforce the social distancing laws for the State of Indiana and to be Ordered to remove the barriers of chairs located throughout the casino preventing access from handicap customers to all of its casinos.
3. An Order that the defendant replaces the plaintiff's Mobility Scooter with a brand new scooter due to the damages caused by the defendant's violations.

4. One million dollars in damages and violations of the plaintiff's Constitutional Rights.

5. An Injunction Order that the defendant's not retaliate against the plaintiff for the filing of this complaint by barring him from their casino's and his VIP status and offers.

6. That the defendant's prevent chairs from being moved to have two to three chairs at one slot machine causing a barrier for handicap customers

Dated: March 10, 2021                                     By: James Martin

James Martin
735 ½ Center Street
Shelbyville, IN 46176
(317) 512-6229
Jamesamartin3@gmail.com